UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DOUG COHEN,

                                    Plaintiff,

              -against-

                                                            Case No. 25-cv-06081 (JLR)

WOLTERS KLUWER HEALTH, INC.,

                                    Defendant.

-----------------------------------------------------------------X

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, Plaintiff Doug Cohen ("Plaintiff") and Defendant Wolters Kluwer Health, Inc. ("Defendant") (collectively, the "Parties") anticipate that the Parties will be producing documents and supplying information during the discovery phase of this action that the producing Party may regard as proprietary or otherwise confidential;

WHEREAS, the Parties desire to protect the confidentiality of any such proprietary or otherwise confidential documents or testimony furnished in the course of this action or related proceedings; therefore,

The Parties believe that it would be appropriate for discovery in this action to proceed under a protective order of the Court according to the terms below. Accordingly, it is

**ORDERED** that all Parties, non-party signatories, and non-party witnesses shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in this or related actions or proceedings.

1. **Designation of Confidential Matter.** Information or documents that may be produced in response to discovery requests of any party, including without limitation, deposition testimony, answers to requests for admissions and interrogatories, and documents or things tendered pursuant

1

to requests to produce, which may contain, include, constitute, refer or relate to confidential, proprietary, or otherwise competitively-sensitive business information, or may disclose information concerning financial information, trade secrets, or other sensitive, non-public information, including the sensitive information of third parties, such as customer account information, including but not limited to customer names, contact details, scope of services, pricing, sales data, internal communications, and account history ("Customer Account Information"), may be designated as "Confidential Matter" by counsel for any Party, if such counsel believes in good faith that it is necessary to protect the legitimate interest in confidentiality of their client or customer.  Discovery responses that contain "Confidential Matter" can be so designated by either Party.

2. **Manner of Designation**. Designation of "Confidential Matter" shall be effective by placing or affixing on each document or group of documents so designated, a stamp or notice of "CONFIDENTIAL" or the equivalent, in such manner as will not interfere with the legibility thereof, but shall be sufficient to put persons receiving such documents on notice that such documents are to be treated in confidence.  Any confidential designation that is inadvertently omitted, or that was not placed on documents prior to this Order, may be corrected by written notice to opposing counsel within thirty (30) days of the Party discovering the inadvertent omission, whereupon such documents shall become "Confidential Matter," and the confidential designation shall be placed on such documents to the extent practicable.

3. **Scope**. The use and disclosure limitations of this Order shall apply to:

    a.  all information designated as Confidential pursuant to this Order;

b. portions of transcripts or videotapes of depositions or other testimony that refer or relate to information designated as Confidential where so requested by the party seeking to maintain Confidential designation; and

c. portions of briefs, memoranda, or other writings filed with the Court (and exhibits to such writings) that refer to or relate to information designated as Confidential.

4. **<u>Disagreement Between the Parties About Confidential Designation</u>**. If, at any time, a Party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Matter in accordance with this Order, then the Party may challenge the confidential designation, but the Party will continue to treat the document or information as Confidential unless and until either (a) an order of the Court has been entered providing that such challenged Confidential Matter may be used or disclosed in a manner different from that specified in this Order and such order becomes enforceable; or (b) both Parties have agreed in writing to use the Confidential Matter in a manner different from that specified in this Order. Should a Party challenge the propriety of designating particular information as "Confidential," the burden shall be on the Party that designated the material as "Confidential" to establish the grounds for confidential treatment of the particular information. Objecting counsel may, after an attempt to resolve the dispute by conferring with counsel attempting to preserve the confidentiality, make an application to the Court, with the Confidential Matter filed under seal (as set forth in the individual rules of the judge to whom the information is being submitted), for an Order that specifically identifies material be undesignated, re-designated, or excluded from the provisions of this Order. All affected Parties and non-parties shall have a right to participate in any hearing or proceeding concerning the challenged material.

5. **Restriction on Use of Confidential Matter**. No "Confidential Matter" produced in response to any Party's discovery requests shall be used, communicated, or shared by any Party, or any other person receiving or viewing them, for business or competitive purposes, or for any purpose whatsoever other than in preparing for the case pre-trial, in the trial of this matter, or any appeals therefrom.

6. **Authorized Persons**. Except as agreed to by the designating Party or non-Party, access to materials designated as Confidential Matter shall be restricted to the following Authorized Persons:

   a. Counsel for the Parties to whom it is necessary that Confidential Matter be shown for purposes of this action;

   b. Parties and employees of each Party to whom it is necessary that Confidential Matter be shown for purposes of this action;

   c. Persons employed by any Party or its attorneys solely for the purpose of assisting in the litigation of this action or in preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Matter be shown for purposes of assisting in such preparation;

   d. The Court or persons employed by the Court and the jury;

   e. Duly qualified court reporters and videographers participating in this action;

   f. Persons who were the authors or recipients of the documents in the ordinary course of business;

   g. Witnesses in preparation for or in the course of depositions or the trial of this matter; and

h.  Any other person who is later designated as an Authorized Person either by (i) agreement of all the Parties or (ii) by order of the Court.

Prior to disclosing materials designated as Confidential Matter to Authorized Persons listed in Paragraphs 6(B)-(C), (G), as permitted in this Order, the receiving Party must notify the Authorized Person of this Order and have the Authorized Person sign the acknowledgment attached as **Exhibit A**. With respect to Paragraph 6(G), if the witness and/or counsel refuse such agreement or to sign the acknowledgment, the Parties shall promptly contact the Court (such as by placing a telephone call to chambers during the deposition) for guidance and to request reasonable accommodation for the conduct of the testimony. No Authorized Person who receives or examines any item produced pursuant to this Order shall disseminate orally, in writing, or by any other means any Confidential Matter to any person who is not an Authorized Person.

If a Party desires to disclose Confidential Matter to an individual not specifically enumerated as an Authorized Person in this paragraph, that Party must notify the opposing party to see if there is any objection, and if there is an objection, the Party seeking to disclose the confidential matter must first obtain Court approval.

7.  **Restrictions on Reproduction of Confidential Matter**. There shall be no reproduction of Confidential Matter, except as required in preparation for trial of this matter, the trial of this matter, or any appeals therefrom, and except that copies, excerpts or summaries may be shown or given to those persons authorized to receive such information pursuant to this Order.  However, documents designated as Confidential may be scanned into a computer imaging system or database for the purpose of litigation management, without express written consent, so long as such computer files will be destroyed or returned to the designating Party at the end of the litigation in compliance with this Order.

8. **Restrictions on Dissemination**. No person who examines any item produced pursuant to this Order shall disseminate orally, in writing, or by any other means, any Confidential Matter to any person not also authorized to examine Confidential Matter under the terms of this Order.

9. **Use in Depositions**. During a deposition, a deponent may be shown, and examined about, Confidential Matter. Prior to such examination, if the deponent is not already a person authorized to view Confidential Matter, the deponent shall be given a copy of this Order and shall be bound by it. At the deposition, or within fifteen (15) days after receiving a copy, a Party or a deponent may designate portions of the transcript, and/or exhibits, as Confidential Matter. Until the expiration of the 15-day period, the transcript and exhibits shall be treated as Confidential, but when such 15-day period expires, only those pages of the transcript and exhibits designated as such shall be Confidential. Thereafter, the original and all copies of such pages and exhibits shall be stamped as Confidential as set forth in this Order, and the title page of the transcript shall state "Contains Confidential Information."

10. **Filing with the Court**. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions. While any person or entity filing Confidential Matter with the Court (regardless of whether the filer is the producing Party or a receiving Party) is required to request sealing of Confidential Matter, the burden to establish that such treatment is appropriate shall be borne by the Party or non-Party that designated the Confidential Matter as "Confidential," such as by joining the motion and providing additional support for the sealing request.

6

11. **No Waiver of Confidentiality**. The production of Confidential Matter, shall not constitute a waiver of any Party's right to claim, in this lawsuit or hereafter, that said documents, and/or any materials or information included therein, are privileged and are otherwise non-discoverable.

12. **Declassification**. A Party (or an aggrieved person or entity permitted by the Court to intervene for such purpose) may file a motion seeking a Court order that a document or documents stamped as confidential are not entitled to be treated as Confidential Matter. The person or entity that designated the document(s) as confidential shall be given notice and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document(s) to have such protection.

13. **Return of Confidential Matter**. Within thirty (30) days after termination of this and any related action, including appeals and retrials, copies of all Confidential Matter shall either be destroyed, or upon request of a producing party or non-party, returned to the producing party or non-party at the expense of the person or entity requesting such a return. Upon request, Counsel for the respective Parties shall certify in writing that such Confidential Matter has been destroyed or returned pursuant to this Agreement.

14. **Scope of Order**. This Order applies only to pretrial proceedings in this action, including any pretrial appeals. Confidentiality rules, if any, covering the trial of this action will be set forth in a pretrial stipulation to be drafted by the Parties and submitted to the Court. In the event that the Parties are unable to stipulate as to the confidentiality rules, the Court will set forth the confidentiality rules to protect the Parties' interests.

15. **No Admissions**. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony, or other evidence in this action. This Order is without prejudice to the right of any Party to bring before the Court, at any time, the

7

question of whether any particular information is or is not discoverable or admissible in this case and such right is expressly reserved.

16. **Settlement, Judgment, or Other Disposition**. This Order shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain jurisdiction in order to enforce the terms of this Order after final termination of this action, whether by final judgment or settlement, including the expiration of any time for appeal.

17. **Party's Own Use**. This Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Matter.

18. **Federal Rule of Evidence 502(d) Order**.

    a. The production of privileged or work-product protected documents, electronically-stored information ("ESI"), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

    b. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

Dated: December 18, 2025                    Respectfully submitted,


By: _____              By: _____
Jim Halter, Esq.                           Michelle E. Phillips, Esq.
jhalter@rascoklock.com                     Brian A. Bodansky
RASCO KLOCK LLC                            michelle.phillips@jacksonlewis.com
260 Madison Avenue, 16th Floor             brian.bodansky@jacksonlewis.com
New York, New York 10016                   JACKSON LEWIS P.C.
Telephone: (646) 970-4770                  44 S. Broadway, 14th Floor
                                           White Plains, New York 10601
                                           Telephone: (914) 872-8060
*Counsel for Plaintiff*

                                           *Counsel for Defendant*


SO ORDERED THIS 29 DAY OF ___December___, 2025.

_____
          Hon. Jennifer L. Rochon
          United States District Judge