# JacksonLewis

**Jackson Lewis P.C.**
44 S. Broadway, 14th Floor
White Plains, NY 10604
(914) 872-8060 Main
(914) 946-1216 Fax

January 8, 2026

**VIA ECF**
Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1670
New York, New York 10007

**Re**: ***Doug Cohen v. Wolters Kluwer Health, Inc.***
**Civil Action No. 25-cv-06081 (JLR)**

Dear Judge Rochon:

We represent Defendant Wolters Kluwer Health, Inc. ("Defendant") in the above-referenced matter. We write in response to Plaintiff's letter dated January 5, 2026 (Dkt. 34).

Plaintiff's counsel purports to raise a number of discovery disputes that he believes "could not be resolved" after the parties meet-and-confer on December 22, 2025. It is inconceivable that Plaintiff's counsel could reach this conclusion.

First, during the Parties meet-and-confer, we explained to Plaintiff's counsel that we believed the meet-and-confer itself was premature, as, at the time of the meeting, neither side had exchanged ANY documents yet as we were waiting for Plaintiff's counsel to revise and then execute the Confidentiality Stipulation. Nevertheless, Plaintiff's counsel insisted that the meet-and-confer continue so that we could discuss his concerns about which documents might hypothetically be withheld based on Defendant's initial objections. We explained, yet again, that it would be a more fruitful discussion *after* the Parties exchanged document productions, which the Parties agreed to do by January 16, 2026.

Next, as noted above, and as explained to Plaintiff's counsel *ad nauseum*, Defendant will produce responsive documents and revise its objections as appropriate on or before the Parties agreed-upon January 16 deadline. At that time, should Plaintiff's counsel believe that there are deficiencies in Defendant's production, Defendant's counsel is amenable to meet and confer about such deficiencies.

Finally, the alleged deficiencies identified by Plaintiff are simply wrong. For example, Document Request No. 21 is grossly overbroad and disproportionate to the needs of this case. Plaintiff has a single cause of action regarding an alleged ERISA plan created by a policy or practice of paying severance to employees (which, incidentally, is subject to a pending motion to dismiss). Defendant has already agreed to provide Defendant's Severance Pay Plan, which is the plan under which Plaintiff claims to be owed severance. Instead of waiting to receive this plan, which will provide all necessary information for Plaintiff to pursue this cause of action (should it

**JacksonLewis**

Judge Jennifer L. Rochon
U.S. District Judge
January 8, 2026
Page 2

survive Defendant's motion to dismiss), Plaintiff instead seeks to compel "[a]ll agreements reflecting terms concerning the termination of employment of any employee of Wolters Kluwer Health's [sic] within the sales division from January 1, 2010 to the present." This wildly overbroad request (which seeks documents going back more than 16 years – well beyond the statute of limitations in this case) serves no purpose other than to harass Defendant.

Likewise, Document Request No. 22 seeks the same documents as Document Request No. 21, but for four specific former employees. Again, the only purpose that Plaintiff's counsel has been able to muster for why these documents are in any way related to his claims is to demonstrate an alleged "pattern and practice of paying such severance to others." There is no explanation forthcoming from Plaintiff's counsel as to why the Severance Pay Plan itself is not the best evidence of this.

Next, Plaintiff complains about which documents Plaintiff believes Defendant *might* withhold (before seeing what documents are produced and/or withheld first) in connection with Document Request No. 14 and 15. These requests seek "[a]ll Documents concerning disciplinary action taken as to Kent Plummer," as well as "[a]ll Documents contained in Kent Plummer's personnel file and all Personnel Records regarding Kent Plummer." At the outset, it must be noted that Mr. Plummer's name appears nowhere in the Complaint, and is only mentioned in Plaintiff's Initial Disclosures as an individual likely to have information regarding an antisemitic comment made in 2017 to Plaintiff and Plaintiff's complaint(s) about same. No allegations are made that Mr. Plummer was the individual who Plaintiff claims to have made such comments. Nevertheless, even assuming this to be what Plaintiff intended to convey in his Initial Disclosures, that is not enough for Plaintiff to compel the production of Mr. Plummer's complete personnel file, which includes personal financial, tax and other information that has nothing to do with Plaintiff's claims in this action. Indeed, the only arguments Plaintiff makes are that "basic employment information . . . are directly relevant here," without explaining how anything other than documents specifically related to issues concerning antisemitism in Mr. Plummer's file are relevant, and that "seeing other types of complaints against [Mr. Plummer] received different treatment would be highly probative to retaliation here." Defendant is unsure what Plaintiff means here. If Plaintiff's claim were that he and Mr. Plummer were both accused of making antisemitic comments, but only Plaintiff was fired for doing so, there would be weight to this argument. But this is not the case, and there is no reason for Plaintiff to see anything in Mr. Plummer's personnel file other than complaints about antisemitism and any actions taken with regard to the same.

Plaintiff then turns to his claims of deficient responses to Document Request Nos. 36 and 46. However, as Plaintiff himself concedes, Defendant agreed to take Plaintiff's concerns under consideration and, if appropriate, produce documents by January 16. The same is true of Plaintiff's complaints of deficient responses to Document Request Nos. 23, 27, 31, 33 and 35. As explained above, Plaintiff's motion to compel is premature with respect to these requests. Defendant, as promised, will make a production of documents on or before January 16.

As shown above, Plaintiff has no basis to seek this motion to compel. Defendant has attempted to work cooperatively with Plaintiff, including agreeing to make a number of

# JacksonLewis

compromises during the Parties meet-and-confer, and has agreed to revise its objections as appropriate and make a production of documents by January 16.

Finally, and notably omitted from Plaintiff's letter, Plaintiff fails to mention the second half of the meet-and-confer, during which Defendant identified a number of inappropriate objections and responses to Defendant's initial requests for the production of documents. In contrast to Defendant's cooperative approach, Plaintiff refused to compromise on any of his objections, and stood on his refusal to produce certain documents. Defendant reserves the right to make a motion to compel, following an appropriate meet-and-confer, after the Parties exchange document productions next week.

In conclusion, Defendant respectfully requests that the Court deny Plaintiff's letter motion to compel. In the alternative, Defendant respectfully requests that the Court schedule a conference to discuss both Plaintiff's and Defendant's alleged deficiencies at a time after the Parties have exchanged and had a chance to review one another's document productions.

We thank the Court for its consideration in this matter.

Respectfully submitted,

___/s/ Brian Bodansky_____
Michelle E. Phillips
Brian A. Bodansky
44 S. Broadway, 14th Floor
White Plains, New York 10601
Tel: (914) 872-8027
michelle.phillips@jacksonlewis.com
brian.bodansky@jacksonlewis.com
*Attorneys for Defendant*
*Wolters Kluwer Health, Inc.*

The parties are directed to continue to meet and confer to resolve the disputes raised in Dkt. 34. If the parties have not resolved these issues after the production on January 16, 2026, then parties are directed to file a joint letter by January 23, 2026, advising the Court any of disputes in Dkt. 34 that have not been resolved and the Court will address them on **January 27, 2026** at **12:00 p.m.** during a video conference. Counsel shall submit an appearance sheet pursuant to the Court's Individual Rule 2(B) and will receive Microsoft Teams log-in credentials at the email addresses provided. The public listen-only line may be accessed by dialing Phone Number: 646-453-4442 | Phone Conference ID: 723 764 984 #

Date:    January 9, 2026
         New York, New York

**SO ORDERED.**

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**